IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS O'BRYANT,
        Plaintiff,

vs.                                      3:09cv5/LAC/MD

LARRY LEWIS,
        Defendant.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (Doc. 1 & 2). Upon review of the plaintiff's complaint, applicable statutes and controlling case law, as well as court records, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time

he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of its own records. As reported by plaintiff, court records reflect that case number 5:04cv130/SPM/AK was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on November 10, 2004. In addition, case 5:04cv114/SPM/AK was dismissed for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies[1] on October 16, 2008, and his appeal in case 5:05cv131/RS/EMT was dismissed as frivolous on October 31, 2008. (Doc. 249). Thus, plaintiff has had three actions or appeals dismissed as frivolous or for failure to state a claim. Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

In this case, plaintiff seeks to recover damages from a former Department of Corrections inmate, the lone defendant Larry Lewis, who allegedly conspired with DOC officials to deprive plaintiff of his civil rights by subjecting him to a brutal attack on April 25, 2005. Lewis allegedly told plaintiff the reason for his attack and apologized to plaintiff for his actions after the fact. According to the complaint, Lewis was released from custody in October of 2005. Clearly, then, plaintiff's allegations cannot be construed to suggest that he is under imminent danger of serious injury. He thus is not entitled to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this case.

The Eleventh Circuit has stated that a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002);

---

[1] *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

*Case No: 3:08cv85/MCR/MD*

*Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001).  Therefore, this action should be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 14th day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:08cv85/MCR/MD*